# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH ROBERT DEAN, JR., : | |
| ON BEHALF OF HIMSELF AND ALL : | |
| OTHERS SIMILARLY SITUATED, : | CIVIL ACTION |
| : | |
| Plaintiffs, : | |
| : | No. 14-2136 |
| v. : | |
| : | |
| CVS PHARMECY, INC., et. al, : | |
| : | |
| Defendants. : | |

## MEMORANDUM ORDER

This 26th day of May, 2015, upon consideration of Defendants' Motion for Reconsideration of the Court's January 14, 2015 Order, and Plaintiffs' opposition thereto, and based on the controlling standard that reconsideration should only be granted in extraordinary circumstances,[1] it is hereby **ORDERED** that Defendants' Motion is **DENIED** for the following reasons.

Defendants have moved for reconsideration of this Court's January 14, 2015 Order, alleging a clear error of law. Defendants' argument is premised on the underlying assumption that their original Motion to Dismiss for Lack of Subject Matter Jurisdiction was denied solely based on this Court's determination that fact-finding was required in order to evaluate whether Defendants' Rule 68 Offer provided complete relief to Dean. However, Defendants' Motion was denied for several reasons.

---

[1] The Third Circuit has held that the "scope of a motion for reconsideration . . . is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).

As discussed during the colloquy at oral argument, the active controversy between the parties regarding the sufficiency of Defendants' Rule 68 Offer precludes me from dismissing this case for lack of subject matter jurisdiction. See, e.g., Chafin v. Chafin, 133 S. Ct. 1017, 1023 (2013) ("As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot."); ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 94 (2d Cir. 2007) ("Mootness, in the constitutional sense, occurs when the parties have no 'legally cognizable interest' or practical 'personal stake' in the dispute, and the court is therefore incapable of granting a judgment that will affect the legal rights as between the parties.").

Plaintiffs' position that the Rule 68 Offer does not provide complete relief to Dean is enough to give rise to an active controversy, as this Court would necessarily have to exercise jurisdiction in order to determine which parties' proffered interpretation of Pennsylvania law prevails. See Payne v. Progressive Fin. Servs., Inc., 748 F.3d 605, 607 (5th Cir. 2014) ("When a defendant does not offer the full relief requested, the plaintiff maintains a personal stake in the outcome of the action, the court is capable of granting effectual relief outside the terms of the offer, and a live controversy remains."); Hrivnak v. NCO Portfolio Mgmt., Inc., 719 F.3d 564, 567 (6th Cir. 2013) ("An offer limited to the relief the *defendant* believes is appropriate does not suffice. The question is whether the defendant is willing to meet the plaintiff on his terms."); Gates v. Towery, 430 F.3d 429, 432 (7th Cir. 2005) ("To eliminate the controversy and make a suit moot, the defendant must satisfy the plaintiffs' *demands;* only then does no dispute remain between the parties."); Zinni v. ER Solutions, Inc., 692 F.3d 1162, 1167–68 (11th Cir. 2012) ("Because the settlement offers were not for the full relief requested, a live controversy remained over the issue of a judgment, and the cases were not moot.").

Because the existence of an active controversy regarding the sufficiency of the Rule 68 Offer, by itself, defeats any argument that this Court lacks subject matter jurisdiction, there is no reason for this federal District Court to decide an issue of first impression under Pennsylvania law at this preliminary stage of the litigation. Although Defendants might ultimately prevail regarding the proper legal interpretation of the Pennsylvania Wage Payment and Collection Law ("WPCL"), their "prospects of success are . . . not pertinent to the mootness inquiry." Chafin, 133 S. Ct. at 1024.

As in Chafin, Defendants' briefing "confuses mootness with whether [the plaintiff] has established a right to recover . . . , a question which it is inappropriate to treat at this stage of the litigation." Id.; see also Kaye v. Amicus Mediation & Arbitration Grp., Inc., 300 F.R.D. 67, 75 (D. Conn. 2014), reconsideration denied, No. 13-347, 2014 WL 5092876 (D. Conn. Oct. 10, 2014) ("While defendants may well prevail in their view of the law, this dispute as to whether multiple statutory damages awards can be recovered for a single fax's multiple TCPA violations goes to the merits of plaintiffs' individual claims and the corresponding amount that would be necessary to satisfy these claims."). Stated differently, "[h]owever reasonable the Offer was or proves to have been, the disparity between its terms and the individual recovery sought by plaintiffs precludes a finding of mootness." Id. (citing Hrivnak, 719 F.3d at 568); Anjum v. J.C. Penney Co., No. 13-0460, 2014 WL 5090018, at *11 (E.D.N.Y. Oct. 9, 2014) ("the mere existence of these issues and the consequent need for court adjudication of the maximum value of each plaintiff's stake in the lawsuit forecloses the possibility that the Rule 68 offer extinguished this controversy at the time J.C. Penney made the offer."). Finally, as stated during oral argument, I am not persuaded that the Third Circuit's forthcoming decision in Weitzner will control this case to the degree Defendants have suggested.

Accordingly, my Order denying Defendants' Motion stands, subject to renewal, in the event that any of the following specific circumstances arise:

a. The law in Pennsylvania evolves in a manner that moots the current controversy between the parties regarding the correct legal interpretation of the WPCL;

b. Material facts surface during the course of discovery that might moot the controversy surrounding the sufficiency of Defendants' Rule 68 Offer regardless of the parties' differing interpretation of the WPCL; or

c. The state of the law in the Third Circuit changes materially in a way that could impact my foregoing analysis.

    /s/ Gerald Austin McHugh
United States District Court Judge