IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH ROBERT DEAN, JR.,<br>ON BEHALF OF HIMSELF AND ALL<br>OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>CVS PHARMECY, INC., et. al,<br><br>Defendants. | CIVIL ACTION<br><br>No. 14-2136 |

**MEMORANDUM ORDER**

This 21st day of July, 2015, upon consideration of Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint and Motion to Certify an Immediate Interlocutory Appeal With a Stay of Proceedings, Plaintiffs' Responses in Opposition thereto, and Defendants' respective Reply Briefs, it is **ORDERED** that Defendants' Motions are **DENIED** for the following reasons.

*1. Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint*

In accepting all factual allegations as true, and construing all inferences in the light most favorable to the non-moving party, I find Plaintiffs' First Amended Complaint to contain plausible claims for relief. The heightened pleading standard discussed in Davis v. Abington Mem'l Hosp., 765 F.3d 236, 243 (3d Cir. 2014) and Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106 (2d Cir. 2013) is distinguishable, because both cases involved overtime actions brought pursuant to the Fair Labor Standards Act ("FLSA"). Accordingly, the key issue presented there was whether the allegations were specific enough to conclude that the plaintiffs had worked any compensable overtime. In holding that the plaintiffs failed to state FLSA

1

overtime claims, the Third Circuit specified, "[W]e do not hold that a plaintiff must identify the exact dates and times that she worked overtime." Davis, 765 F.3d at 243.  The Davis Court went on to give a clear example: "For instance, a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice.  But no such allegation is present in this case." Id.  Here, although I am not convinced that it is even necessary to import a heightened pleading standard, Plaintiffs' allegations are sufficient to meet the very level of specificity championed by Defendants.  The allegations in the First Amended Complaint, if true, give rise to plausible causes of action under Pennsylvania, New Jersey, and Connecticut law.[1]

I am similarly unpersuaded by Defendants' arguments regarding gap-time claims under Connecticut law.  Neither party, nor the Court, located a Connecticut case directly addressing the precise gap-time issue before me.  Even Lundy, which held as a matter of first impression that the FLSA does not provide for gap-time claims, recognized the important distinction between the FLSA and state law remedies for wage claims.  711 F.3d at 116.

> So long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40–hour threshold, even if the employee also works overtime hours the same week.  In this way federal law supplements the hourly employment arrangement with features that may not be guaranteed by state laws, without creating a federal remedy for all wage disputes—of which the garden variety would be for payment of hours worked in a 40–hour work week.  For such claims there seems to be no lack of a state remedy, including a basic contract action.

Id. (internal citations omitted).  Stated differently, the Court recognized that the federal statute was promulgated to supplement the relief available to the average worker under state law, and

---

[1] Defendants' Reply Brief emphasizes an alleged lack of notice that could hinder Defendants' ability to defend this action.  However, Plaintiffs' theory of relief is clear on the face of the First Amended Complaint, and Defendants will of course have the opportunity to test the strength of that theory by pursuing specific documentation through discovery.

focused upon specific circumstances, as opposed to providing a general federal remedy for "garden variety" failure to pay cases.  In turn, the Circuit's decision—that gap-time claims are not available under FLSA—does not compel the conclusion that gap-time claims are not available under the corresponding state law.  If anything, FLSA's lack of available relief for gap-time claims makes it more likely that there is a remedy under state law, as clearly explained by the Second Circuit in Lundy.  Thus, at this early juncture, I will decline to dismiss Count II of the First Amended Complaint, without prejudice to Defendants' right to reassert this argument at summary judgment.

Defendants withdrew their Motion to Compel Arbitration of Pressley's claims without prejudice to their right to renew the Motion at a later stage of these proceedings.  Accordingly, I do not need to address their Motion to Compel at this time.  Finally, as I already stayed the class certification issue pending discovery, I am still not prepared to rule on the merits of class certification, particularly in light of the fact that this issue will not even be fully briefed until January 15, 2016 under the current Stipulated Case Management Order.

*2. Defendants' Motion to Certify an Immediate Interlocutory Appeal*

As explained in the Court's May 26, 2015 Memorandum Order, the active controversy regarding the sufficiency of Defendants' Offer, including the ongoing dispute over the proper interpretation of the Pennsylvania Wage Payment and Collection Law (WPCL), defeats Defendant' general suggestion that an unaccepted offer of judgment could deprive this Court of subject matter jurisdiction.  Consequently, Defendants' Motion to Certify focuses on the wrong legal issues.  The questions Defendants have moved to certify for interlocutory review would not impact my previous analysis, because they do not speak to the ultimate legal inquiry at the heart

of these issues: whether the active controversy between the parties was mooted by Defendants' Rule 68 Offer.

Although Defendants have persuaded the Court that substantial grounds for difference of opinion exist—both in regards to (1) the proper interpretation of the liquidated damages provision in the WPCL and (2) the impact of an unaccepted offer of judgment under Fed. R. Civ. P. 68 —neither of these questions is currently before the Court.  The substantive merits of Defendants' arguments as to the WPCL may become an issue downstream, but those arguments as to damages are premature.  Similarly, I already ruled that an active controversy over the sufficiency of the Offer itself prevents a finding of mootness, and Defendants have not raised any new evidence or arguments to the contrary.

Plaintiffs' February 11, 2015 Opposition to Defendants' Motion for Reconsideration aptly summarized the legal paradox facing the Court: "Defendants' motion is tautological, as it depends on the Court first asserting subject matter jurisdiction to decide a question of statutory interpretation, which, in turn (according to Defendants), would result in the Court being deprived of subject matter jurisdiction."  Here, this Court has already answered the controlling question regarding Defendants' Rule 68 Offer.  I have ruled—twice, in fact—that the unaccepted offer of judgment did not moot the active controversy between the parties due to the ongoing dispute over the sufficiency of the Offer.  Thus, certifying the Rule 68 question to the Third Circuit, or staying this case in light of the Supreme Court's May 18, 2015 grant of certiorari in <u>Campbell-Ewald Co. v. Gomez</u>, 135 S. Ct. 2311 (2015), would not materially advance the ultimate termination of this litigation, as neither decision has the potential to alter my previous rulings.[2] Plaintiffs' specific legal and factual challenge to the adequacy of the Offer is distinguishable

---

[2] I am literally repeating myself.  <u>See</u> Memorandum Order dated May 26, 2015 at 3 ("[A]s stated during oral argument, I am not persuaded that the Third Circuit's forthcoming decision in <u>Weitzner</u> will control this case to the degree Defendants have suggested.").

from the broad legal question of whether an unaccepted (but sufficient) offer of judgment, which is served prior to a motion for class certification, moots a plaintiff's claims, including claims asserted on behalf of the putative class.

Similarly, as I already ruled that a live controversy over an issue of first impression under Pennsylvania law effectively precludes a finding of mootness, there is no reason to expedite review on the merits of the WPCL question. The relevant inquiry for purposes of Rule 68 is whether the Offer mooted the controversy between the parties at the time the Offer was made. See Memorandum Order dated May 26, 2015 at 3. However reasonable Defendants' Offer may prove to be in light of my future, still undefined interpretation of Pennsylvania law, Defendants' prospects of success on the merits are not pertinent to the mootness inquiry. Id. Thus, although there is substantial ground for difference of opinion as to the WPCL question, certifying that question for interlocutory appeal simply would not materially advance the ultimate termination of this litigation.

Moreover, given the unusual posture of this case and Defendants' relentless litigation tactics, my Order denying Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is **no longer subject to renewal**. The Court has now had ample opportunity to consider and rule on this legal issue. Therefore, Defendants must seek leave of Court before applying for relief regarding issues already litigated and decided in this matter.

      /s/ Gerald Austin McHugh
United States District Court Judge