# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH ROBERT DEAN, JR., and ERIKA PRESSLEY, on behalf of themselves and all others similarly situated, | : : : | |
| Plaintiffs, | : : | Civil Action |
| v. | : : | No. 14-2136 |
| CVS PHARMACY, INC., and CVS CAREMARK CORPORATION, | : : | |
| Defendants. | : | |

**McHUGH, J.**                                                                                              **August 16, 2018**

## MEMORANDUM

This is a putative class action on behalf of pharmacy technicians against Defendant CVS Pharmacy, Inc., and CVS Caremark Corporation ("CVS"). Plaintiff Keith Dean alleges that CVS forced technicians to complete necessary educational certifications without pay in violation of state wage protection statutes and basic contract law, and, to that effect, now moves to certify a class consisting of all persons who worked for CVS in Pennsylvania as pharmacy technicians from February 28, 2010 until the date of opt-out notice. The Amended Complaint in this case raised claims on behalf of CVS technicians in Connecticut, Pennsylvania and New Jersey. The Connecticut claims were dropped, and I granted summary judgment in the New Jersey action because the record demonstrated that the named plaintiff was offered compensation for training time but failed to submit the required timesheet. Plaintiff was given the opportunity to conduct broad discovery, and now renews his Motion for Class Certification. Because I conclude that Dean's situation is not representative of other technicians, the Motion will be denied.

1

**I. Analysis**

The background facts of this case are set forth in the Memorandum I issued on Defendants' Motion for Summary Judgment. *See* Mem. 1–4, ECF No. 109. For a class to be certified, plaintiff must satisfy the requirements of Rule 23(a), along with the requirements for a particular type of class set forth in Rule 23(b). *See Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 183 (3d Cir. 2001); Fed. R. Civ. P. 23(b) ("A class action may be maintained if Rule 23(a) is satisfied and if . . ."). Rule 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). *Id.* Plaintiff seeks certification here under subsection (b)(3), which further requires that the questions of law or fact common to class members predominate over any questions affecting only individual members (predominance), and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy (superiority). *Id.*

The proposed class consists of "[a]ll persons who worked for CVS in Pennsylvania as pharmacy technicians during the period beginning February 28, 2010 through the date of opt-out notice in this case." Pl.'s Mot. 2, ECF No. 102.

As to that class, Plaintiff has failed to meet the requirements of Rule 23(a) because he has not demonstrated commonality and typicality. Plaintiff contends that he completed training modules on his own time after hours, and in response to his repeated inquiries as to how he would be compensated for that time, he was advised by his supervisors that he was not entitled to any compensation. But after extensive discovery, the record supports the conclusion that

Plaintiff's situation was an anomaly, the result of his supervisors being ill-informed, and not representative of pharmacy technicians in general.

CVS does not dispute that pharmacy technicians are entitled to be paid for training time, whether completed on-site or on the employees' own time. Coughlin Certification Exs. A & B, ECF No. 115-4 at 2–24.[1] CVS has submitted declarations from seventeen stores and pharmacy managers who have altogether worked in forty different stores. The requirement for ongoing certification of pharmacy technicians is met in various ways, and there are various ways by which those technicians are paid for training time. The record is clear that after-hours training occurs, and some of that occurs outside the store, but this is the exception, not the rule. *See* Peet Certification Ex. G, Becker Decl. ¶ 7, ECF No. 115-2 at 47; *Id.*, Ex. J, Hopkins Decl. ¶ 7, ECF No. 115-2 at 56; *Id.*, Ex. L, Krista Decl. ¶¶ 8–9, ECF No. 115-2 at 62; *Id.*, Ex. M, Laret Decl. ¶ 8, ECF No. 115-2 at 65; *Id.*, Ex. N, MacNair Decl. ¶ 11; *Id.*, Ex. Q, Pulos Decl. ¶ 11, ECF No. 115-2 at 78, ECF No. 115-2 at 69; *Id.*, Ex. S, Terreri Decl. ¶ 7, ECF No. 115-2 at 83; *Id.*, Ex. U, Winchell Decl. ¶ 8, ECF No. 115-2 at 89; *Id.*, Ex. V, Yohe Decl. ¶ 8, ECF No. 115-2 at 92. In some instances, stores take steps to make certain the training is completed during a technician's regular shift. *See id.*, Ex. H, Boyle Decl. ¶ 7, ECF No. 115-2 at 50 ("Pharmacy technicians at the stores . . . I have managed usually complete their training at the store during their regular work hours while clocked in, and I encourage them to do so."); *Id.*, Ex. K., Kerekes Decl. ¶ 8, 12, ECF No. 115-2 at 59 ("[W]e often schedule the Pharmacy Technician to work a shift as an 'extra' to

---

[1] In moving for summary judgment, CVS raised a highly formalistic argument that Dean had no enforceable contract under Pennsylvania law entitling him to be paid for time invested in training after hours. Defs.' Summ. J. Mot. 11–21, ECF No. 98. It now admits that it is CVS policy that technicians be paid for all training time, and contends that they routinely receive such payment. Def.'s Resp. to Class Certification 2, ECF No. 115 ("It is CVS corporate policy that trainees must receive payment for their time spent completing LEARNet trainings."). I am troubled by this inconsistency, but do not see it as a basis for allowing a class to proceed on the record here. I do, however, view CVS' representations to the Court on the issue of class certification as a judicial admission that pharmacy technicians are entitled to pay for all training time.

3

ensure that the Pharmacy Technician has plenty of time to complete the training during regular work hours."). When training occurs after hours, supervisors use various methods to compensate employees. As noted above, co-plaintiff Erika Pressley was given the option of submitting a timesheet. Some managers accept a verbal report and then enter the time into the payroll system. *Id.*, Ex. Q, Pulos Decl. ¶ 11, ECF No. 115-2 at 78. Some request a written note. *Id.*, Ex. P, Nast. Decl. ¶ 10, ECF No. 115-2 at 74. Some managers use a form. *Id.*, Ex. O, McBride Decl. ¶ 11, ECF No. 115-2 at 71. And some managers request a completed payroll slip. *Id.*, Ex. I, Henry Decl. ¶ 10, ECF No. 115-2 at 53. Most importantly, discovery has not identified any other pharmacy technician who was refused pay for after-hours training.

To satisfy the commonality requirement, Plaintiff needed to demonstrate that that he shares at least one question of fact or law with the prospective class members. *Baby Neal v. Casey*, 43 F.3d 48, (3d Cir. 1994). He has proposed eight purported common questions:

   a. whether the training work performed by Plaintiffs and the Class is of the type CVS employed Plaintiff and the Class to perform;

   b. whether CVS had a unilateral contract with Plaintiffs and the Class that promised to pay the Pharmacy Technicians for all hours worked;

   c. whether CVS breached that unilateral contract by failing to pay Plaintiffs and the Class for all hours worked, in particular mandatory electronic training work hours;

   d. whether CVS has engaged in a pattern and/or practice in Pennsylvania and New Jersey of forcing or permitting Plaintiffs and the Class to work off-the-clock without compensation;

   e. whether CVS has failed to keep true and accurate time records for all hours

4

worked by its employees as required by the Pennsylvania Minimum Wage Act, 43 Pa. Stat. and Cons. Ann. § 333.108;

f. whether CVS has failed to pay Plaintiffs and the Class for all work CVS required them to perform;

g. whether CVS violated the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. and Cons. Stat. §§ 260.1–.10 [hereinafter "PWPCL"]; and

h. what is the nature and extent of class-wide injury and the measure of damages for the injury.

The weakness in Plaintiff's position is that he has not demonstrated how these questions would "generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (citing Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)). To recover under the PWPCL, plaintiffs must aver that they were contractually entitled to compensation from wages and that they were not paid. *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 716 (Pa. Super. Ct. 2005). As to the legal question of entitlement, CVS does not contest the technicians' right to be paid for training, rendering most of the common issues identified by the Plaintiff moot. As to the factual inquiries, they are highly individualized.

At summary judgment, it became clear that one of the themes of Plaintiff's case was that CVS should be faulted for not seamlessly integrating a time tracking system with its LEARNet training system. But I held that, however desirable such a system may be, it is not one that is legally mandated. *See* Mem 6, ECF No. 109. In doing so, for practical purposes I held that Plaintiffs must show either that they requested compensation that was denied, or that, like Dean, they were wrongfully told they were not entitled to compensation. Given the numerous

store-to-store variations in how and when training takes place and the ways in which time is recorded, this would require a fact-specific inquiry as to each potential class member. None of Plaintiff's purported common questions would efficiently produce answers to such individualized questions.

As I previously framed the issue, the central question is: "How Do I Get Paid?" Mem. 3. The answer to that question depends on how and when training occurred, how the issue of compensation arose, the response the technician received, and how that technician proceeded. In Pressley's case, she asked about compensation, was told that she would be paid, in least one instance submitted a timesheet and was compensated, but failed to submit timesheets for other hours spent in training. *See id.* That led me to conclude that Defendants were not liable as to her claims. *See id.* at 4–5. I reached the opposite conclusion in Dean's case because when he asked his supervisor about compensation, he was ultimately told he would not be paid. Such individual differences will be inherent in the experiences of the proposed class members, and discovery has confirmed that, as it shows a variety of way in which training is accomplished and a variety of ways in which after-hours time is submitted.

Given that CVS policy entitles technicians to payment for training, the real question is whether the record reflects a pattern or practice of violating the policy. Courts that have denied certification in similar cases have focused on whether discovery suggests such a pattern. *See Howard v. CVS Caremark Corp.*, 2014 WL 11497793, at *10–11(C.D. Cal. 2014), *aff'd*, 628 F. App'x 537 (9th Cir. 2016); *Faust v. Comcast Cable Commc'ns Mgmt., LLC*, 2014 WL 3534008, at *11–12 (D. Md. 2014); *Gordon v. Kaleida Health*, 299 F.R.D. 380, 403–04 (W.D.N.Y. 2014). For the purposes of class certification, Plaintiff need not establish the ultimate merits of his claim. Nonetheless,

> [e]valuation of many of the questions entering into determination of class action questions is intimately involved with the merits of the claims. The typicality of the representative's claims or defenses, the adequacy of the representative, and the presence of common questions of law or fact are obvious examples. The more complex determinations required in Rule 23(b)(3) class actions entail even greater entanglement with the merits.

*Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.12 (1978). Here, Plaintiff's failure to uncover evidence of other technicians denied pay in the same manner as he was, or denied pay at all, weighs heavily against certification.

Plaintiff has also failed to show that his claims or defenses are typical of the class. Fed. R. Civ. P. 23(a)(3). Unlike the commonality requirement, typicality requires more than just one unifying factual or legal question. Rather, "it entails an inquiry as to whether the named plaintiff's individual circumstances are markedly different or the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based." *Blain v. Smithkline Beechman Corp.*, 240 F.R.D. 179, 187 (E.D. Pa. 2007) (citations omitted).

Plaintiff contends his experiences are not markedly different than other pharmacy technicians because "it was common for pharmacy technicians in Pennsylvania to train off-site, and Defendants' policy was to pay for that time." Pl.'s Reply 13, ECF No. 116. This overlooks the obvious point, amply demonstrated by the facts here, that as to any given class member, the right to recover will depend upon a number of individual inquiries. It also ignores the fact that on this record, Plaintiff's experience stands out as unique.

The proposed class also fails to meet the additional requirement of predominance under Rule 23(b)(3). The predominance inquiry requires the court to "formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311 (3d

Cir. 2008). Here, the legal issues that Plaintiff cites as predominant are not, because, as noted above, CVS does not contest the right of technicians to be paid for training time, and whether it has denied payment to any technician besides Dean will require individualized determination.

Superiority is also lacking here. Subsection (b)(3)(C) of Rule 23 focuses the Court's attention on the "desirability of concentrating 'the claims' in one judicial forum," and on the record as it stands, Dean's claim might be unique. Subsection (b)(3)(D) requires consideration of "the likely difficulties in managing a class action." Given the fact-specific analysis that was required simply to address the motions for summary judgement, it is apparent that no simple rule can be applied to determine the merits of each individual claim.

## II. Conclusion

In sum, because Plaintiff's proposed class does not meet the commonality and typicality requirements of Rule 23(a), and also fails to meet the predominance and superiority requirements under Rule 23(b)(3), I will deny the Renewed Motion for Class Certification.

    /s/ Gerald Austin McHugh
United States District Judge